UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VALERIE STRINGFELLOW, as Personal Representative of the Estate of Alfred Stringfellow, Deceased,**

    Plaintiff,

vs                                              Case No: 03-75188
                                                  Honorable Victoria A. Roberts

**OAKWOOD HOSPITAL AND MEDICAL CENTER and JOHN C. OWENS, M.D.,**

    Defendants.

_____/

## ORDER REGARDING MOTIONS

Motions were filed by both parties in connection with the upcoming trial. The Court heard argument on the motions on January 31, 2006. Attending were: Arnold Matusz and James Harrington for the Plaintiff and Michael Rinkel and Susan Zbikowski for the Defendants.

Following is the disposition of the motions.

1.     **Plaintiff's Motion In Limine to Preclude Defendants from Offering Any Evidence of Comparative Negligence As It Applies to Decedent (Doc. #45)**.

    This **MOTION is DENIED**. Under the authority of *Shinholster v Annapolis*, 471 Mich 540 (2004), Plaintiff's contributory negligence will be submitted to the jury. Also, MCLA 600.6304(1) and MCLA 600.2959 require submission of the issue to the jury as well.

    However, the Court reserves on whether the jury will be instructed on MCLA

1

600.2955a.  That statute provides:

> (1)  It is an absolute defense in an action for the death of an individual or for injury to a person or property that the individual upon whose death or injury the action is based had an impaired ability to function due to the influence of intoxicating liquor or a controlled substance, and as a result of that impaired ability, the individual was 50% or more the cause of the accident or event that resulted in the death or injury.  If the individual described in this subsection was less than 50% the cause of the accident or event, an award of damages shall be reduced by that percentage.

If expert evidence is submitted that: (1) Mr. Stringfellow had the impaired ability to function due to the influence of cocaine and (2) as a result of such impaired ability Mr. Stringfellow was 50% or more the cause of the aortic dissection which resulted in his death, the Court will give MCLA 600.2955a as an instruction to the jury.  MCLA 600.2955a; *Harbour v Correctional Medical Services, Inc.*, 266 Mich App 452 (2005).

**2.    Plaintiff's Motion In Limine To Preclude Defendants from Introducing The Use of Narcotics Other Than Cocaine (Doc. #46).**

This **MOTION is GRANTED in part and DENIED in part.**  Defendant seeks to introduce records of Mr. Stringfellow's use of other controlled substances, such as heroin, to demonstrate his comparative negligence and to suggest that he had a decreased life expectancy as a result of such other drug use.

Counsel for Plaintiff pointed out at the hearing that Dr. Cassin, Defendant's life expectancy expert, testified at deposition that he only considered Mr. Stringfellow's cocaine use, and no other drug use, in the life expectancy equation.

Because Defendant has no expert who will testify that heroin use was considered

2

in calculating Mr. Stringfellow's life expectancy, or how heroin use affects life expectancy, Defendant will not be allowed to introduce evidence of Mr. Stringfellow's use of drugs other than cocaine, to demonstrate a diminished life expectancy.

However, evidence of Mr. Stringfellow's other drug use, to the extent an expert will testify that it contributed to his hypertension and that the hypertension was a cause of the aortic dissection, will be allowed.  The Michigan Supreme Court has held that the trier of fact in a medical malpractice action may consider plaintiff's pretreatment negligence in offsetting a defendant's fault, where reasonable minds could differ on whether such negligence constituted a proximate cause of plaintiff's injuries and damages.  *Shinholster*, 471 Mich at 551-552.

**3.    Defendants' Motion In Limine to Limit Expert Testimony (Doc. #43).**

Because the parties reached the following agreements at the hearing, this **MOTION is MOOT.**

A.    Dr. Philip Leavy will testify as Plaintiff's emergency room standard of care expert.  His testimony will include an opinion that Mr. Stringfellow presented to the emergency room with a potentially lethal condition which would result in death if not adequately treated on an emergent basis.  Dr. Oberton will be Defendants' emergency room standard of care expert.

B.    Dr. Leland Housman will testify as Plaintiff's cardiac thoracic surgery expert.  His testimony will include an opinion that surgery would have altered Mr. Stringfellow's outcome; and, that Mr. Stringfellow had a 90% chance of survival had he had the surgery to repair the dissection.  Dr. Houseman will also give an opinion

concerning the life expectancy of people who have had the type of surgery Mr. Stringfellow required.  Dr. Houseman will not give an opinion concerning emergency room standard of care.  The Defendant does not have an expert in cardiac thoracic surgery.

   C. Plaintiff will present Dr. Werner Spitz as its pathology expert.  He will give testimony concerning cause of death and life expectancy.  Dr. Badar Cassin is the Defendants' pathology expert.  He will give opinions on the same subjects.  Neither pathologist will testify concerning emergency room standard of care.  Neither pathologist will testify concerning the affect of any drug other than cocaine on Mr. Stringfellow's life expectancy.

4. **Motion in Limine To Exclude Evidence of Prior Claims or Lawsuits (Doc. #44).**

  The parties have reached agreement on the issues raised in this motion.  The **MOTION is MOOT.**

5. **Motion to Quash Trial Subpoenas (Doc. #50).**

  The issues have been resolved.  The **MOTION is WITHDRAWN.**

           /s/ Victoria A. Roberts
          Victoria A. Roberts
          United States District Judge

Dated:  February 3, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 3, 2006.

s/Linda Vertriest
Deputy Clerk